IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marion C. Vereen, as the Administrator for the Estate of Tristan Vereen,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Whitney Blake Benton, in his individual capacity,<br><br>　　　　　Defendant. | Case No.: 4:23-cv-04564-JD-KDW<br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 29.) Plaintiff Marion C. Vereen, as the Administrator for the Estate of Tristan Vereen ("Plaintiff" or "Vereen"), filed this action on September 7, 2023, against Defendant Whitney Blake Benton, in his individual capacity ("Defendant" or "Benton"), alleging Benton, a State Trooper, shot and killed Tristan Vereen in connection with a traffic stop. (DE 1.) The Complaint alleges several causes of action against Benton, including a claim brought pursuant to 42 U.S.C. § 1983, as well as several state tort law claims. (*Id.*)

On December 8, 2023, Benton filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 16.) Plaintiff then filed both an Amended Complaint (DE 19) and a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Response to Defendant's Motion to Dismiss (DE 21) on December 27, 2023.[2] Defendant filed a Reply on January 3, 2024. (DE 22.)

The Report was issued on April 10, 2024, recommending Defendant's Motion to Dismiss be denied. Defendant did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 29) and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss is denied.

**IT IS SO ORDERED**.

*(signature)*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 25, 2024

---

[2] Plaintiff filed both a Response (DE 20), as well as a "Corrected" Response. (DE 21.) The Court has reviewed the Corrected Response as the operative pleading to consider.